UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ARTHUR GEORGE PERFETTI
AND WIFE, AMBER PERFETTI

    Plaintiffs

v.                                                No. 3:18-cv-00087-TWP-DCP

WALGREENS

    Defendant

## ANSWER

Comes now the defendant Walgreens, by and through counsel and for answer to the Complaint in the above styled cause states as follows:

1. For response to paragraph 1 of the Complaint, it is admitted that the theory of liability in the instant suit is a healthcare liability action under Tennessee Code Annotated § 29-26-101 et seq.

2. This defendant admits the citizenship and residence of the plaintiffs as stated in paragraph 2 of the Complaint.

3. For response to paragraph 3 of the Complaint, it is admitted that this cause of action did arise in Jefferson County, Tennessee.

4. The averments of paragraph 4 of the Complaint are not disputed.

5. For response to paragraph 5 of the Complaint, it is averred that the true name of this defendant is Walgreen Co. It is admitted that this entity operates a pharmacy in Jefferson City, Jefferson County, Tennessee and that this defendant would be responsible for the acts of its agents, servants, and employees under the doctrine of

respondeat superior if the agents, servants, and employees were acting within the course and scope of their employment. All allegations in paragraph 5 of the Complaint inconsistent with the foregoing statement of facts are denied.

6. For response to paragraph 6 of the Complaint, it is averred that the plaintiff Arthur George Perfetti came to the pharmacy of Walgreen Co. located at 132 East Broadway in Jefferson City, Tennessee on or about October 5, 2016. That he advised the pharmacy staff that he had been prescribed a certain medication and asked if Walgreens pharmacy had the medicine in the store, and if they did then he asked that Walgreens Pharmacy facilitate a transfer of the prescription to the Walgreens pharmacy in Jefferson City, Tennessee from another pharmacy, Value Rx in Talbott, Tennessee. The medication was Colchicine which is available under the brand names of Colcrys or Mitigare. A call was placed to the Value Rx pharmacy and the prescription was provided by transfer to the Walgreens pharmacy in Jefferson City, Tennessee. The allegations are denied that the pharmacist who spoke with the plaintiffs was Jennifer Suzanne Duck Wilder. The pharmacist was Jennifer L. Nichols.

7. For response to paragraph 7 of the Complaint, the actual prescription was dispensed for the medication Mitigare and not Colcrys. The instructions on the prescription were Mitigare 0.6 mg capsules, "Take two capsules by mouth may be repeated every hour until pain relieved." The quantity of the medication prescribed was 30 capsules.

8. For response to paragraph 8 of the Complaint, it is averred that the prescription was filled using the directions for taking the medication as provided by the prescriber. It is averred that while the prescription was filled as written by the prescriber,

the recommended amount of Colchicine for acute gout flares is two tablets of 0.6 milligrams followed by one tablet of 0.6 milligrams one hour later. The amount of Colchicine to be taken is dependent upon the condition for which the Colchicine is prescribed. Regarding the allegation of the number of tablets that the plaintiff ingested, this defendant does not have sufficient information to admit or deny same.

9. For response to paragraph 9 of the Complaint, the total amount of medication provided by the prescription from the prescriber was 30 tablets. As aforesaid, the directions for taking the medication, delivered to Mr. Perfetti, were as written by the prescriber, but the prescribed dosage as written on the subject prescription and as filled by Walgreen Co was in excess of the recommended dosage.

10. For response to the tenth paragraph of the Complaint which is the second paragraph in the Complaint numbered "9", the averments of this paragraph are inaccurate and the allegations set forth in paragraph 6 of its answer regarding the pharmacist who spoke with the plaintiffs are adopted and incorporated herein by reference.

11. For response to the eleventh paragraph of the Complaint which in fact is numbered paragraph 10, this defendant relies upon and incorporates by reference its answer to paragraph 7 and paragraph 8 of the Complaint herein above. The remaining allegations in the tenth paragraph of the complaint and the subparagraphs thereto related to the quantity of the drug taken and the effects of the drug upon the plaintiff are placed in issue as this defendant does not have sufficient information to form a belief as to the truth of these allegations.

12. For response to the twelfth paragraph of the Complaint which in fact is numbered paragraph 11, this defendant avers that it does not have sufficient information to form a belief as to the truth of said allegations in said Complaint and accordingly said allegations are placed in issue and strict proof thereof is demanded.

13. For response to the thirteenth paragraph of the Complaint which is numbered as paragraph 12, this defendant is not advised as to the averments of the thirteenth paragraph and accordingly said allegations are placed in issue and strict proof thereof is demanded.

14. For response to the fourteenth paragraph of the Complaint which is numbered paragraph 13, regarding Amber Perfetti suffering a loss of consortium, it is averred that said cause of action is derivative in character, and this defendant has placed in issue all allegations of damage and causation. Accordingly the cause of action of Amber Perfetti would be barred if the proof shows that there were no damages that were caused by the actions of the defendant or its agents, servants, or employees.

15. For response to the fifteenth paragraph of the Complaint which is numbered paragraph 14, this defendant does not take issue with said allegation.

16. For response to the sixteenth paragraph of the Complaint which is numbered paragraph 15, this defendant likewise demands a jury trial on the issues joined in this cause.

17. As a defense to this cause, this defendant relies upon the provision of the Tennessee Healthcare Liability Act, codified at T.C.A. § 29-26-101, et seq.

18. This defendant avers, upon information and belief, that the prescriber of the subject prescription was Gwendolyn T. McDaniel who is a certified family nurse

practitioner and who was with All About You Family Medicine P.C. located at 210 East Economy Road in Morristown, Tennessee. This defendant adopts and incorporates herein by reference the allegations in paragraphs 7 and 8 of its answer and avers that since the subject prescription was written with directions for taking the medication which were not in conformity with the recommend dosage of Colchicine that there is fault upon Gwendolyn T. McDaniel and her employer, All About You Family Medicine P.C., under the doctrine of respondeat superior. Gwendolyn T. McDaniel is now with Promise Medical Group in Rogersville, Tennessee and may be served with process at 312 Armstrong Street, Rogersville, Tennessee, 37854. It is further averred that any injuries and damages, if any there be, are the fault of the aforementioned nonparties.

19. All allegations of the Complaint not heretofore admitted, denied, or explained are here and now generally denied as if specifically denied.

Wherefore having fully answered, this defendant prays an adjudication of the rights and liabilities of the parties in this suit.

                              WALGREEN CO.

                              BY: s/ James. W. Harrison
                                    JAMES W. HARRISON (BPR # 007483)
                                    Attorney for Walgreen Co.
                                    TAYLOR, REAMS, TILSON & HARRISON
                                    116 East Main Street
                                    Morristown, TN 37814
                                    (423) 586-9302

## CERTIFICATE OF SERVICE

  I certify that a true and exact copy of the foregoing has been served upon Sidney Gilreath and Cary L. Bauer, GILREATH & ASSOCIATES, P. O. Box 1270, Knoxville, TN 37901-1270, by placing same in the United States Mail, postage prepaid, this the 26th day of April, 2018.

                  s/ James W. Harrison
                  JAMES W. HARRISON, Attorney