UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ARTHUR GEORGE PERFETTI and wife, AMBER PERFETTI, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:18-cv-87 Judge Phillips |
| WALGREENS, GWENDOLYN T. MCDANIEL, and ALL ABOUT YOU FAMILY MEDICINE, P.C., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Defendant Walgreen Company has filed a motion to remand [Doc. 14] this case to the Circuit Court for Jefferson County, Tennessee, along with the supporting affidavit of James W. Harrison, attorney for Walgreen Company [Doc. 14-1]. No response or opposition has been filed and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2.

For the reasons set forth herein, defendant's motion to remand [Doc. 14] will be **GRANTED**.

I. **Facts and Procedural History**

Plaintiffs Arthur George Perfetti and his wife, Amber Perfetti, originally filed this action against defendant Walgreen pursuant to the Tennessee Health Care Liability Act, Tenn. Code Ann. § 29-26-101, *et seq.*, in the Circuit Court for Jefferson County, Tennessee,

on January 30, 2018 [Doc. 1-1]. Plaintiffs claim that the Walgreen pharmacy in Jefferson City, Tennessee, dispensed a prescription for Mr. Perfetti and the directions regarding how the medication was to be taken were erroneous [Doc. 14-1 at ¶ 3]. Defendant timely removed the case to this Court on March 7, 2018, on the basis of diversity jurisdiction under 28 U.S.C. § 1332 [Doc. 1]. Plaintiffs are citizens and residents of Tennessee and Walgreen Company is a corporation organized and existing under the laws of Illinois [*Id.* at ¶ 4].

Subsequent to removal, Walgreen obtained new information regarding the prescriber of the medication as a non-party at fault [Doc. 14 at ¶ 4]. Walgreen moved to remand [Doc. 14] and then filed an answer identifying the prescriber, Gwendolyn T. McDaniel, and her employer, All About You Family Medicine, P.C., as nonparties at fault [Doc. 15 at ¶ 18]. Plaintiffs then filed an amended complaint adding Ms. McDaniel and All About You Family Medicine, P.C., as defendants [Doc. 19].[1] Ms. McDaniel is a citizen and resident of Tennessee, as are the plaintiffs [Doc. 15 at ¶¶ 2, 18].

## II. Analysis

In a case premised on diversity jurisdiction, the parties must be citizens of different states. 28 U.S.C. § 1332(a)(1). The diversity statute requires "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *see Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("diversity jurisdiction

---

[1]The Court notes that plaintiffs filed the amended complaint without first seeking leave to do so as required by Fed. R. Civ. P. 15(a)(2).

does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff") (emphasis in original). In this case, at the time of removal, complete diversity existed between the named plaintiffs and defendant Walgreen, the only defendant at that time, and removal was proper.

Even if removal was proper, "if at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Further, "if after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). In this case, plaintiffs did not seek prior leave to add defendants McDaniel or All About You Family Medicine. *See* Fed. R. Civ. P. 15(a)(2). However, in light of the information contained in Mr. Harrison's affidavit [Doc. 14-1] and Walgreen's answer to the complaint [Doc. 15], it appears that these additional parties are proper defendants. Thus, Walgreen argues, without opposition, that the joinder of the additional defendants destroyed diversity jurisdiction and remand of the case to state court is required. Section 1447(e) provides specific rules relative to the Court's removal jurisdiction, and it directs the Court to remand a case to state court when the post-removal joinder of a defendant destroys diversity jurisdiction. *See Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540—41 (6th Cir. 2006) (where an amended complaint is filed to include a previously unidentified defendant, diversity must be determined at the time of the filing of the amended complaint). Accordingly, because the post-removal joinder of Gwendolyn T. McDaniel and All About You Family Medicine,

3

P.C., destroyed diversity jurisdiction in this matter, this case must be remanded to state court.

### III. Conclusion

For the reasons set forth herein, defendant Walgreen's motion to remand [Doc. 14] will be **GRANTED** and this case will be remanded to the Circuit Court for Jefferson County, Tennessee. An appropriate order will be entered.

s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE
